Minshall, J.,
In .an action commenced in the court of common pleas of Ottawa county by Chai-les West against John H. Doyle, March 28, 1876, to foreclose a mortgage on certain-land, made by Doyle to one Cyrus Coy, and by him assigned to West, the court found the amount due to be $182.54, and-made the usual order of sale. There was no prayer for a judgment, and none was rendered,-nor was there an order that execution issue for any balance. The land was sold, and after payment of the costs, the remainder of the proceeds, $89.40, was, on May 15, 1877, applied to the plaintiff’s claim, leaving a balance of $102.21, remaining unpaid. This not being paid, on April 20, 1895, over seventeen years after the $89.40 was applied, West commenced the action below in the common pleas court of Lucas county against Doyle *443 to recover the balance with interest from May 15, 1877. These facts were contained in and appeared from the petition of the plaintiff. Doyle demurred on the ground that the petition did not state facts sufficient to entitle the plaintiff to relief; and, also, on the ground that the right of action, if any, is barred by the statute of limitations, over fifteen years having elapsed from the time it could have been brought.
The demurrer was sustained by the common pleas and the petition dismissed, the plaintiff not desiring to amend. The judgment of the common pleas was reversed on error by the circuit court. Hence this proceeding in error by Doyle.
We are inclined to think, that, the statute of limitations aside, there is not much'doubt but that the petition states a cause of action. The finding of the amount due is a necessary predicate to an order of sale in a foreclosure proceeding, and the finding is a judicial determination of the amount. The defendant can take issue as to the amount claimed. Where issue is taken, it must be, and is heard as a question of fact; if no issue is taken, the finding is made as on confession. The policy of the law is against the relitigation of questions of law or fact, once heard,and determined between the same parties. A question of fact once so determined is binding on the same parties in all subsequent litigation. It would be somewhat anomalous if, after the amount due on a note secured by mortgage, had been, on issue taken, heard and determined in a foreclosure suit, afterwards a suit might be brought on the notes, and the whole question again litigated. We regard the finding of the amount due in a foreclosure proceeding as a judicial determination of the question; and where it, or any bal *444 anee, after applying the proceeds of sale, remains due and unpaid, a suit may be brought on the finding to recover the amount. We find nothing in the decisions of this state that conflicts with this holding-. It is not, as we shall see, a judgment with any of its incidents, but is a debt evidenced by record, and can only be discharged by payment. It does not become dormant in the sense that a judgment does (Moore v. Ogden, 35 Ohio St., 430) for it is at no time active in the sense that an execution can be issued upon it, unless so ordered; and it does not become a lien upon the other lands of the debtor. These are the incidents of a judgment and distinguish it from a simple finding of the amount due ón a mortgage. This leaves for consideration the question, whether the suit is barred by lapse of time.
2. It would seem that, under the provisions of our code of civil procedure, it was the intention of the legislature to prescribe a limitation for the commencement of all actions in this state. It would also seem that, in the nature of things, and a sound public policy, interested in. the repose of society, this should be so. . No reason is perceived why there should have been a purpose of this kind in one class of actions and not in another. The difficulty of preserving evidence, the frailty of the memory, and the contingency of the death, of witnesses, are the same in one ease as in another. Again, the statute itself makes no exceptions. The first provision is section 4976, Revised Statutes. It provides that ‘ ‘civil actions can only be commenced within the periods prescribed in this chapter, after the cause of action accrues; but where a different limitation is prescribed by statute it shall govern.” Causes of action are then divided *445 into certain classes, and a specific limitation prescribed for each, class; and then is added a general provision, to the effect, that all other actions for relief shall be brought in ten years — section 4985, Revised Statutes. This would seem entirely conclusive of the question, and would be so, but for the decision of this court in Tyler's Exrs. v. Winslow, 15 Ohio St., 364, where it is said that “judgments and debts of record are not specified as causes of action to be limited; ” and it was there held, that an action on a domestic judgment is not limited by any statute, and a recovery can only be defeated by such a lapse of time, or other circumstances, as will raise a presumption of payment, the time there adopted being twenty-one years. There is no disposition to overrule this case; but if persuaded that it was not rightly decided, there is the more reason for confining its application to cases identical with it in facts. The suit was, as we have said, on a domestic judgment, and not a mere finding of an amount due, as in this case, and arose under the statute of 1831, which limited the commencement of all actions, other than those specially provided for, to four years. This seemed to have exercised a controlling influence upon the mind of the court, as it is observed in the opinion, that a judgment could not have been included therein, as it might be revived in five years and execution issued thereon. And it cannot be doubted that there is much force in this observation. But it is without application to our present statute, where the limitation for actions, not otherwise provided for, is ten years; and it would seem that this is quite long enough, regard being had to the repose of society on the one hand, and the convenience of creditors on the other. The reason *446 ing, however, of the court, that the rendition of a judgment does not seem, in the ordinary sense, the accrual of a cause of action, is less satisfactory. It is true that an action on a judgment accrues somewhat differently from most actions. Actions generally accrue from a violation of a primary or sanctioned right; but in the case of a judgment the right of action on it accrues on the termination or extinction of a secondary or sanctioning right. This peculiarity suggested itself to the analytical mind of John Austin, who pointed out that a judgment generates a right of action at the moment it. terminates such a right, and called for some modification of his terminology. 2 Austin Juris., 460. A judgment ascertains and determines thata party is entitled to a definite sum of money from another. It at once becomes a debt in the strictest sense of the term; and if it is not paid, might, at common law, have been recovered in an action of debt (Headley v. Roby, 6 Ohio, 521), or in our state, may be, by the civil action of the code. This is not disputed in the case of Tyler’s Executors; but, is it not a contradiction in terms to say, that an action can be brought and a recovery had, where no cause of action has accrued ? Yet it is apparently upon this absurd distinction that the action in that case, being on a judgment, was taken out of the statute of limitations, so far as the reasoning proceeded on this last ground. Placed on the first ground — the construction of the act of 1831— it is not unreasonable; but that ground, as we have shown, is without application to an action on a judgment under our present statute of limitations. It may, however, be argued from the provision of section 5368, which is that an action to revive a judgement can only be brought in twenty-one years *447 from the time it became dormant, that a suit on it may be brought in a like period from its rendition. But whether this is so or not, it seems evident that that case cannot control this one — it is not on a judgment, but on a simple finding of an amount due, not put into judgment, and has none of the incidents of a judgment; and the commencement of a suit upon it as a cause of action, seems upon reason, to require a limitation as much as any other action for the recovery of money; and therefore within our statute of limitations.
In this case it is not necessary to decide whether it is fifteen years, the time fixed for a suit on a specialty or a contract in Writing; or ten years, the time fixed for the commencement of all actions for relief not otherwise provided for, as over seventeen years have elapsed since the cause of action accrued. There is much authority'for saying that it is an action on a specialty. Stockwell v. Coleman, 10 Ohio St., 33-36 ; Fries v. Mack, 33 Ohio St., 52. Though it certainly is not literally accurate to call a foreign judgment, or a finding of an amount due, a specialty, the usual definition of a specialty being, an instrument under seal. But from the cases cited, and some English cases, there seems to have been a disposition to use the term in a transferred sense, and as including any debt evidenced in a solemn form. In the case of a sealed instrument, its character is in fact referable to the solemnity of affixing the seal, rather than to the seal itself; and there can be no more solemn act in law, than that of a court or jury finding, on issue joined, that the defendant is, or-is not, indebted to the plaintiff; and on this ground it has been held that a foreign judgment, even of a justice of the peace, is a specialty. Walker says: *448 “Specialties include contracts under seal, and obligations of record;” and adds, “it is then the seal or record which constitutes a specialty.” Am. Law, 9th ed., 492.

Judgment reversed and that of the common pleas affirmed.